Compas Medical, P.C., as Assignee of Pierre, Jean, Appellant, 
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 3, 2014. The order, insofar as appealed from and as limited by the brief, denied the branches of plaintiff's motion seeking summary judgment on the first, second, fourth and fifth causes of action, and, in effect, granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action based upon plaintiff's assignor's alleged eligibility for workers' compensation benefits, to the extent of providing that if plaintiff failed to file proof, within 90 days, showing that it had filed the claims underlying those causes of action with the Workers' Compensation Board, those causes of action shall be dismissed.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by its brief, from so much of an order of the Civil Court as denied the branches of plaintiff's motion seeking summary judgment on the first, second, fourth and fifth causes of action, and, in effect, granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action based upon plaintiff's assignor's alleged eligibility for workers' compensation benefits, to the extent of providing that if plaintiff failed to file proof, within 90 days, showing that it had filed the claims underlying those causes of action with the Workers' Compensation Board, those causes of action shall be dismissed.
Contrary to plaintiff's argument on appeal, defendant proffered sufficient evidence to support its contention that there was an issue as to whether plaintiff's assignor had been acting as an employee at the time of the accident, and that, therefore, workers' compensation benefits might be available (see e.g. Arce Med. & Diagnostic Svce v American Tr. Ins. Co., 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Jamaica Med. Supply, Inc. v American Tr. Ins. Co., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), which issue must be resolved [*2]in the first instance by the Workers' Compensation Board (see O'Rourke v Long, 41 NY2d 219, 225 [1976]; Arce Med. & Diagnostic Svce, 39 Misc 3d 134[A], 2013 NY Slip Op 50531[U]; Jamaica Med. Supply, Inc., 34 Misc 3d 133[A], 2011 NY Slip Op 52371[U]).
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2017